**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TQP DEVELOPMENT, LLC**<br><br>Plaintiff,<br><br>**v.**<br><br>**CHS INC., ET AL.**<br><br>Defendants. | **Civil Action No. 2:11-CV-00397- MHS - CMC** |

**PLAINTIFF TQP DEVELOPMENT, LLC'S OPPOSITION TO DEFENDANT INTL FCSTONE'S EMERGENCY MOTION TO RECONSIDER DISMISSAL OF INTL FCSTONE**

INTL FCStone's ("FCStone") emergency motion to reconsider dismissal of FCStone should be denied. As to FCStone's request that TQP Development, LLC's ("TQP") be prevented from pursuing jurisdictional discovery related to FCStone's Rule 12(b)(2) motion, the Court correctly concluded that TQP sufficiently established a prima facie case to warrant granting it leave to conduct jurisdictional discovery. As to FCStone's request that the Court take up its 12(b)(6) motion, FCStone's motion to reconsider relates to an order of this Court that itself relates solely to the jurisdictional issue. If FCStone wants this Court to revisit Judge Craven's decision on its 12(b)(6) motion (Docket No. 202), it should bring a motion directed to that order, assuming it is not already time barred from doing so. The Court should also refrain from taking up FCStone's 12(b)(6) motion for reasons of efficiency. It would be inefficient to address the 12(b)(6) motion unless, after jurisdictional discovery is complete and TQP presents any relevant results to the Court, the Court determines that it has personal jurisdiction over FCStone. In addition, TQP has recently filed a motion to file an amended complaint against FCStone that will, if granted, moot FCStone's original 12(b)(6) motion. *See* Docket No. 211.

**A. TQP Has Made a Preliminary Showing of Jurisdiction Sufficient to Warrant the Court's Order Re Jurisdictional Discovery.**

As addressed in detail in TQP Objections to Judge Craven's Order refusing jurisdictional discovery and granting FCStone's 12(b)(2) motion, TQP has established a prima facie showing of jurisdiction, warranting, at the least, leave to conduct jurisdictional discovery. Docket No. 209 at 3-5. A nonresident defendant must only have sufficient contact with the state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To that end, the Court must determine (1) whether the defendant purposefully directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there, and (2) whether the controversy arises out of or is related to the defendant's conduct with the forum state. *Id.; Oasis Research, LLC v. Adrive, LLC,* 2011 U.S. Dist. LEXIS 80466, at *7-8 (E.D. Tex. May 23, 2011).

Again, as addressed in detail in TQP's Objections, FCStone directs its infringing activities into the state of Texas, and more specifically TQP has sufficiently alleged that the acts of FCStone constitute direct infringement, or in the alternative inducement of infringement, by FCStone's conduct in inviting users of its website, including those residing in Texas, to perform steps of the patented method through encrypted communications, and that these actions warrant the assertion of this Court's jurisdiction over the defendant. The FCStone website provides a map showing the areas in which FCStone conducts business, and the state of Texas is one where FCStone does business. Ex. D to Docket No. 209. The FCStone registration page lists Texas as one state that registered customers may select. Ex. E to Docket No. 209. The FCStone website allows for users to provide information to open an account and touts that the website offers order entry, order management, real-time quotes and more. Exs. F, G to Docket No. 209. The QST FCStone feature also contains Order Entry Features. Ex. F. Information is sent both ways through the accused method of encryption. These activities are the very contacts out of which the cause of action for infringement arises, and are thus sufficient to establish, at the least, prima

facie jurisdiction justifying further discovery into the number and extent of these infringing actions. *Revell v. Lidov,* 317 F.3d 467, 472 (5th Cir. 2002).

Further this website contains many features similar to that held highly interactive in *Innovative Automation, LLC v. Audio Video and Video Labs Inc.*, No. 6:11-c-234-LED (JDL), 2012 U.S. Dist. LEXIS 114501 (E.D. Tex. May 30, 2012), adopted by 2012 U.S. Dist. LEXIS 114500 (E.D. Tex. July 27, 2012). In that case U.S. Digital "purposefully direct[ed] its activities at Texas residents by offering services through an interactive website," which provided methods for potential customers worldwide to contact U.S. Digital in Arizona for a quote for its accused compact disc duplication services or for more information by telephone or email. *Id.* at *15. There, as with the FCStone site, users were instructed to complete an online form, including the user's name, address, phone number, email address, which the user could then click to submit. *Id.* at *16. Both the U.S. Digital site and the FCStone site contain a "my account" feature, inviting the user to contact the site and obtain information. The FCStone site thus qualifies as highly interactive and at the least suffices to justify this Court's grant of jurisdictional discovery.

### B. TQP Propounded Jurisdictional Discovery Directed to Establishing Specific Jurisdiction over FCStone.

Given that TQP set forth a prima facie case of personal jurisdiction over FCStone, it was entirely appropriate for the Court to grant leave to take jurisdictional discovery. FCStone argues that the discovery propounded by TQP is too general to establish specific jurisdiction. FCStone is incorrect. The discovery is aimed at determining the number of instances of infringement taking place in Texas, both as to how many residents use and access the site, and the revenue generated thereby. The determination of how many customers use and interact with the partially encrypted FCStone website from Texas, the number of encrypted sessions, and the revenue derived therefrom all go to the extent of FCStone's infringing actions within Texas, as well as the extent of FCStone's direct benefit from its infringement within Texas.

Notably, FCStone does not argue that the requested discovery is burdensome, because it is not. The jurisdictional discovery propounded by TQP is both limited and appropriate.

### C. The Court Should Not Reach FCStone's 12(b)(6) Motion At This Time.

FCStone's Emergency Motion to Reconsider relates to an order of this Court that itself relates solely to the jurisdictional issue, and that order was responding to TQP Objections that also related solely to the jurisdictional issue. If FCStone wants this Court to revisit Judge Craven's decision on its 12(b)(6) motion, it should bring a motion directed to that order, assuming it is not already time barred from doing so.

The Court should also refrain from taking up FCStone's 12(b)(6) motion for reasons of efficiency. It would be inefficient to address the 12(b)(6) motion unless, after jurisdictional discovery is complete and TQP presents any relevant results to the Court, the Court determines that it has personal jurisdiction over FCStone. In addition, since the filing of the FCStone's motion pursuant to Rule 12(b)(6), TQP has filed a motion for leave to file a seconded amended complaint based on the Federal Circuit's newly announced standard for inducement in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 2012 U.S. App. LEXIS 18532 (Fed. Cir. Aug. 31, 2012). Docket No. 211. Thus, the scope of the dispute between the parties has changed, and the record before the Court does not encompass all relevant issues. Until such time as the Court rules on the motion to file the second amended complaint, the Court is urged to defer consideration of FCStone's Rule 12(b)(6) motion.

Should the Court take up FCStone's 12(b)(6) motion, this motion should be denied for the reasons addressed in TQP's Opposition to FCStone's motion to dismiss. Docket No. 112. As expressed therein, FCStone's motions is based on arguments already found to be insufficient to support dismissal in this Court's order in *TQP Development, LLC v. Ticketmaster Entertainment, Inc., et al.*, 2:09-cv-279-TJW, which is attached as Ex. H to TQP's Opposition.

Dated: October 5, 2012            Respectfully submitted,

**TQP DEVELOPMENT, LLC**

By: /s/ Marc A. Fenster
Marc A. Fenster, CA Bar No. 181067

E-mail: mfenster@raklaw.com
Adam S. Hoffman, CA Bar No. 218740
E-mail: ahoffman@raklaw.com
Alexander C. Giza, CA Bar No. 212327
E-mail: agiza@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310/826-7474
Facsimile: 310/826-6991

Hao Ni, TX Bar No. 24047205
E-mail: hni@nilawfirm.com
Ni Law Firm, PLLC
3102 Maple Ave. Suite 400
Dallas, TX 75201
Telephone: 214/800-2208
Facsimile: 214/880-2209

Andrew W. Spangler, TX Bar No. 24041960
E-mail: spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903/753-9300
Facsimile: 903/553-0403

**Attorneys for Plaintiff**
**TQP DEVELOPMENT, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on October 5, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Marc A. Fenster
Marc A. Fenster